**Matthew HOOKER, Plaintiff—Appellant,**

v.

**AMERICAN AIRLINES; et al., Defendants—Appellees.**

No. 02–55646.

D.C. No. CV–01–05972–ER–2.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM**

Matthew Hooker appeals pro se the district court's orders dismissing all causes of action in his second amended complaint

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

with prejudice and without leave to amend. Although the district court did not enter final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291 because the district court made clear its intent to terminate the action. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1015 (9th Cir.1995). We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

Hooker alleged that airline employees either drugged him to steal his possessions or allowed others to do so, and that these events led to his developing a hernia. The district court properly determined that Hooker's action was governed by the Warsaw Convention, *see Carey v. United Airlines*, 255 F.3d 1044, 1048 (9th Cir.2001), and that the second amended complaint failed to state actionable Warsaw Convention claims for fraud, property loss, or personal injury or common law claims for negligent or intentional torts, *see* Fed. R.Civ.P. 9(b) & 12(b)(6).

Hooker's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.